UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARSHALL ABBAS KHAN,<br><br>　　Plaintiff<br><br>v.<br><br>STEVEN B. WOLFSON, et al.,<br><br>　　Defendants | Case No.: 2:20-cv-00873-APG-DJA<br><br>**Order**<br><br>[ECF Nos. 25, 28, 31, 35, 36, 38, 43, 45, 48-56, 59-62, 64, 65, 67, 68, 83] |

　　Plaintiff Marshall Abbas Khan sues various state and county officials. He contends the defendants forced him to pay child support without proving he contractually agreed to do so, failed to provide him due process before suspending his driver's license, and intercepted his tax refund and stimulus payment without his consent. He also contends he was wrongfully arrested and denied medication while in custody. Khan and the defendants have filed numerous motions.

**I.  Motion to Change Venue (ECF No. 25)**

　　Khan moves to change venue from a "statutory court" to a "court of record" under 28 U.S.C. § 132 and to proceed in accordance with the Seventh Amendment right to a jury trial. ECF No. 25. It is unclear what Khan seeks by this motion. This court is the United States District Court for the District of Nevada, and is the court referred to in § 132(a). Khan chose this court as the venue when he initiated this lawsuit. He does not identify what other venue he seeks. Accordingly, I deny this motion.

**II.  Motions to Stay Case and Related Motions to Strike (ECF Nos. 35, 36, 38, 43, 45, 48, 49, 52, 54, 55, 62)**

　　Khan has filed multiple motions to stay this case, which prompted defendant Aaron Ford to file numerous motions to strike (rather than simply opposing Khan's motions). I deny Khan's

motions to stay because he provides no basis to stay this action. Instead, the motions are a mishmash of quotes from legal citations and excerpts from books and articles, sprinkled with Khan's complaints about the child support enforcement proceeding against him. Because I deny Khan's motions to stay, I deny Ford's motions to strike as moot.

### III. Motions to Dismiss (ECF Nos. 28, 31)

Defendants Steven Wolfson and Mary-Anne Miller move to dismiss the claims against them. ECF No. 28. By separate motion, Ford moves to dismiss the claims against him. ECF No. 31. All three of these defendants argue that the *Rooker-Feldman* doctrine precludes this court from reviewing the state's actions in imposing child support obligations on Khan. They also argue there are no allegations that any of them personally participated in any of the alleged violations.[1] Alternatively, Wolfson and Miller argue that when acting to enforce child support, they are state actors and therefore are not "persons" subject to suit under 42 U.S.C. § 1983 for any alleged constitutional violations. They also contend that they would be entitled to prosecutorial immunity. Finally, Wolfson and Miller argue Khan cannot sue under various federal criminal statutes because there is no private right of action to enforce them.

Khan did not respond to the motions to dismiss. I therefore grant the motions as unopposed. *See* LR 7-2(d).

### IV. Motions to Order Defendants to Cease and Desist, Motions to Dismiss or Vacate Child Support Order, and Related Motion to Strike (ECF Nos. 50, 51, 53, 56, 59, 60, 64, 65, 67, 68)

Khan requests an order requiring the defendants to "cease and desist seizing private property without a warrant issued by a court of record." ECF No. 50 at 1. It appears Khan is challenging an income withholding order because it lacks a judicial signature. He also requests

---

[1] Ford also argues he was not properly served.

dismissal of the underlying child support order, claiming that 42 U.S.C. § 666 does not apply because the State of Nevada is not a "state" as defined in 42 U.S.C. § 410(h). Khan also contends he did not enter into a contract to pay child support, so he cannot be in default of a child support obligation. He moves to vacate the support order because it was not signed by a judicial officer, the person who signed the support order cannot be impartial because that person is paid through federal funds that incentivize the collection of child support, and he was denied his right to a jury trial. Finally, Khan requests a hearing regarding his inability to pay the child support due to indigence. Ford again moves to strike one of these motions instead of simply opposing it.

Because I have granted dismissal to Ford, Wolfson, and Miller, these motions are moot as to them. Consequently, I also deny as moot Ford's motion to strike. The only remaining defendant is Vincent Ochoa, who has not appeared in this action. As to Ochoa, on September 23, 2020, the clerk's office sent Khan a notice of intent to dismiss for failure to file proof of service. ECF No. 39. Khan filed a response showing that a process server delivered the summons and complaint to "JEA, Deniece Lopez." ECF No. 41 at 1. Based on this response, it does not appear that service on Ochoa was properly accomplished under Federal Rule of Civil Procedure 4(e). Service was not made on Ochoa personally, it was not left at his dwelling or usual place of abode with a person of suitable age and discretion who resides there, and there is no evidence that Lopez is an agent authorized by appointment or law to receive process on Ochoa's behalf. *See* Fed. R. Civ. P. 4(e)(2). Nor is there evidence that Ochoa was properly served under Nevada law. *See* Fed. R. Civ. P. 4(e)(1); Nev. R. Civ. P. 4.2(a), (d). I therefore order Khan to show cause why his claims against Ochoa should not be dismissed for lack of timely and proper service.

Even if I considered Khan's motions as to Ochoa, Khan presents no evidence to support his conclusory assertions. For example, Khan provides no evidence that Ochoa has seized his property, personally participated in the challenged income withholding order, signed the support order, or held him in default or contempt.[2] Khan's reliance on § 410 is also misplaced. Even if his strained reading of § 410(h) had merit, he cites no authority for the proposition that § 410(h)'s definition applies to § 466. Section 410's definitions apply "[f]or the purposes of this subchapter." Section 466 is in a different subchapter. Likewise, Khan's insistence that he must have agreed to a contract to be liable is erroneous. A parent's obligation to provide for his child's welfare is a statutorily imposed duty. *See* Nev. Rev. Stat. § 125B.020. Because Khan's motions generally lack support and because I cannot discern from Khan's filings what role Ochoa played in his proceedings or whether any order for relief is properly directed at Ochoa, I deny his motions.

**V. Motion to Discharge Magistrate (ECF No. 61)**

Khan contends he did not consent to Magistrate Judge Albregts' participation in this case. In some of his other documents, Khan states that Judge Albregts' orders are "null and voided without any force or effect." *See* ECF Nos. 64 at 5; 65 at 5.

Kahn is incorrect in his assertion that Magistrate Judge Albregts cannot issue valid orders in this case. Magistrate judges may "hear and determine any pretrial matter pending before the court," "conduct hearings, including evidentiary hearings," and submit "proposed findings of fact and recommendations" to the assigned district judge for dispositive matters. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72 (distinguishing between nondispositive and dispositive pretrial matters); *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259-60 (9th Cir. 2013)

---

[2] Khan did not attach any of the orders he challenges.

(district judges "may designate a magistrate judge to hear any nondispositive pretrial matter pending before the court" (quotation omitted)). Magistrate judges may also be assigned additional duties, which may vary from district to district and between district judges. *See* 28 U.S.C. § 636(b)(3), (4). In the District of Nevada, magistrate judges are utilized to the full extent of their statutory authority. They exercise general supervision of civil and criminal calendars; conduct pretrial conferences, proceedings, and settlement conferences in civil and criminal cases; and conduct early neutral evaluations in employment discrimination actions. *See* LR IB 1-7; LR 16-6.

This District has an automatic referral system that determines which motions and proceedings a magistrate judge will hear and decide and which motions and proceedings a district judge will hear and decide. I will hear and decide dispositive motions. Judge Albregts will automatically be referred most motions addressing case management, pretrial nondispositive motions, and discovery related motions. I deny Kahn's motion to discharge Magistrate Judge Albregts. And I caution Khan that failure to abide by Judge Albregts' or my orders may result in sanctions, including monetary or case-ending sanctions.

**VI. Motion for Relief from Suspension of Driver's License (ECF No. 83)**

Khan moves for relief from an unidentified order that apparently suspended his driver's license. He contends he did not receive due process of law. Khan has presented no evidence in support of this motion, so I deny it.

**VII. Conclusion**

I THEREFORE ORDER that the following motions are **DENIED: ECF Nos. 25, 35, 36, 38, 43, 45, 48-56, 59-62, 64, 65, 67, 68, 83**.

1       I FURTHER ORDER that defendants Mary-Anne Miller and Steven Wolfson's motion to dismiss **(ECF No. 28) is GRANTED**.

      I FURTHER ORDER that defendant Aaron Ford's motion to dismiss **(ECF No. 31) is GRANTED**.

      I FURTHER ORDER that **by May 14, 2021**, plaintiff Marshall Abbas Khan shall show cause why his claims against defendant Vincent Ochoa should not be dismissed for lack of timely and proper service. If Khan fails to respond to this order by that date and show good cause, I will dismiss the claims against Ochoa without further notice.

      DATED this 14th day of April, 2021.

                                    ANDREW P. GORDON
                                    UNITED STATES DISTRICT JUDGE